UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JNH HOLDING, INC. §<br>*Plaintiff* §<br>§<br>V. §<br>§ Civil Action No. 4:16-cv-866<br>NATIONWIDE PROPERTY & CASUALTY §<br>INSURANCE COMPANY §<br>*Defendant* § | |

### PLAINTIFF'S ORIGINAL COMPLAINT & JURY DEMAND

Plaintiff JNH HOLDING, INC. ("JNH Holding" or "Plaintiff") files this Original Complaint against Defendant NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY ("Nationwide" or "Defendant") and would respectfully show the following:

### Parties

1. JNH Holding is a domestic corporation in good standing with a principal place of business in Denton County, Texas.

2. Upon information and belief, Nationwide is a foreign fire and casualty insurance company engaged in the business of insurance in Texas, operating for the purpose of accumulating monetary profit. Nationwide regularly conducts the business of insurance in a systematic and continuous manner in the State of Texas. Nationwide may be served with process by serving **Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218**.

### Venue & Jurisdiction

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in

1

controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because this action concerns real property located in Denton County, Texas, and all or a substantial part of the events giving rise to the claim described herein occurred in Denton County. In particular, the insurance policy at issue and of which Plaintiff is a beneficiary was to be performed in Denton County, Texas and the losses under the policy (including payments to be made to Plaintiff under the policy) were required to be made in Denton County, Texas. Further, investigation, including communications to and from Defendant and Plaintiff (including telephone calls, mailings, and other communications to Plaintiff) occurred in Denton County, Texas.

## Factual Background

6. On or before March 23, 2016, Plaintiff entered into a contract with Nationwide whereby Nationwide would provide property insurance for the residence at 4695 State Highway 121, Lewisville, TX 75056 (the "Property") in exchange for the timely payment of premiums under Policy No. ACP GLKO 3007521861 (the "Policy"). The Policy was sold by Nationwide to JNH Holding as the insured under the Policy and provides coverage for the Property resulting from the hail storm.

7. On or about March 23, 2016, the Property was substantially damaged by a severe wind and hail storm that struck Denton County. As a result, the roof, exterior, interior, products and other business personal property were substantially damaged. Immediately upon discovering the damages, Plaintiff filed an insurance claim under the

Policy with Nationwide for damages to the Property caused by the hail storm. Plaintiff asked that the cost of repairs be covered pursuant to the Policy.

8. Nationwide is the insurer on the property. Nationwide assigned adjusters, consultants, and agents to Plaintiff's file that were inadequate and improperly trained. Specifically, Nationwide assigned the claim to Melvin "Cliff" Spiller as the adjuster with decision-making authority over JNH Holding's Property claim. Spiller was charged with the responsibility of adjusting the claim and assessing damages under the Policy. Spiller was improperly trained and prepared for this type of claim. Spiller performed a haphazard inspection of the Property on September 15, 2016 and prepared an estimate of damages to the structure which grossly undervalued and ignored obvious damages to the Property. Nationwide relied on Spiller's incomplete and inadequate investigation in making coverage decisions under the Policy and deciding what amounts to pay. Spiller performed an unreasonable and inadequate investigation and ignored damages to the Property. Further, Spiller failed to engage appropriate, non-biased consultants to evaluate the damages. Spiller performed an incomplete investigation and, as a result, JNH Holding was not paid for all the damages under the Policy.

9. Spiller conducted an unreasonable and inadequate investigation and refused to acknowledge obvious damage to the structure. Nationwide's coverage decisions relied on Spiller's inadequate investigation and representations. Nationwide represented to JNH Holding that certain damages were not covered under the Policy when in fact they were. On September 28, 2016, Defendant denied what was due and owed under the Policy. To this day, Defendant has refused to pay the remaining amounts.

10. Nationwide denied and delayed JNH Holding's claim for damages.

Furthermore, Defendant has underestimated damages during the investigation. Defendant has chosen to continue to deny and delay timely payment of the damages. As a result, JNH Holding has not been fully paid under the Policy provided by Nationwide since the event.

11. As a result of Defendant's acts and/or omissions, JNH Holding was required to retain an attorney to prosecute its claim for insurance benefits.

12. Unfortunately, Defendant has delayed payment for JNH Holding's necessary and covered property repairs and damages under its own insurance policy. Given the repeated delays of payment, JNH Holding has been subjected to significant economic impact, worry, distress, and continuing economic and physical damage. In addition, JNH Holding has suffered financial harm and damage as a result of Defendant's denials and repeated delays. The significant effect of Defendant's wrongful and unjustified delays, however, is still uncompensated.

### FIRST CAUSE OF ACTION---Violations of Texas Insurance Code

13. JNH Holding re-alleges and incorporates each allegation contained in Paragraphs 1-12 of this Petition as if fully set forth herein.

14. Nationwide failed to attempt to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear, in violation of Texas Insurance Code Section 541.060 (a)(2)(A).

15. Nationwide failed to adopt and implement reasonable standards for prompt investigation of the claim arising under its policy.

16. Nationwide failed to provide promptly a reasonable explanation, in relation to the facts or applicable law, for the denial of a claim, in violation of Texas Insurance Code Section 541.060 (a)(3).

17. Nationwide refused to pay the claim without conducting a reasonable investigation with respect to the claim, in violation of Texas Insurance Code Section 541.060 (a)(7).

18. Nationwide misrepresented the insurance policy under which it affords property coverage to JNH Holding, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1). Nationwide misrepresented the insurance policy to JNH Holding, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1).

19. Nationwide misrepresented the insurance policy under which it affords property coverage to JNH Holding by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2). Defendant misrepresented the insurance policy to JNH Holding by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2).

20. Nationwide misrepresented the insurance policy under which it affords property coverage to JNH Holding by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1). Defendant misrepresented the insurance policy to JNH Holding by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1).

21. Nationwide knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code Section 541.002 (1).

## SECOND CAUSE OF ACTION---Prompt Payment of Claim

22. JNH Holding re-alleges and incorporates each allegation contained in Paragraphs 1-21 of this Petition as if fully set forth herein.

23. Nationwide failed to acknowledge receipt of the claim in violation of Texas Insurance Code Section 542.055 (a)(1).

24. Nationwide failed to timely commence investigation of the claim or to request from JNH Holding any additional items, statements or forms that Nationwide reasonably believe to be required from JNH Holding in violation of Texas Insurance Code Section 542.055 (a)(2)-(3).

25. Nationwide failed to notify JNH Holding in writing of the acceptance or rejection of the claim not later than the 15th business day after receipt of all items, statements and forms required by Defendants in violation of Texas Insurance Code Section 542.056(a).

26. Nationwide delayed payment of JNH Holding's claim in violation of Texas Insurance Code Section 542.058(a).

## THIRD CAUSE OF ACTION---Statutory Interest

27. JNH Holding re-alleges and incorporates each allegation contained in Paragraphs 1-26 of the Petition as if fully set forth herein.

28. JNH Holding makes a claim for penalties of 18% statutory interest on the amount of the claim along with reasonable attorneys' fees for violation of Texas Insurance Code Subchapter B pursuant to Texas Insurance Code Section 542.060.

### FOURTH CAUSE OF ACTION---Breach of Contract

29.     JNH Holding re-alleges and incorporates each allegation contained in Paragraphs 1-28 of the Petition as if fully set forth herein.

30.     Nationwide breached its contracts with JNH Holding. As a result of Nationwide's breach, JNH Holding suffered legal damages.

### FIFTH CAUSE OF ACTION---Breach of duty of good faith & fair dealing

31.     JNH Holding re-alleges and incorporates each allegation contained in Paragraphs 1-30 of the Petition as if fully set forth herein.

32.     Nationwide, as the property coverage insurer, had a duty to deal fairly and in good faith with JNH Holding in the processing of the claim. Nationwide breached this duty by refusing to properly investigate and effectively denying insurance benefits. Nationwide knew or should have known that there was no reasonable basis for denying or delaying the required benefits. As a result of Nationwide' breach of these legal duties, JNH Holding suffered legal damages.

### SIXTH CAUSE OF ACTION---Punitive Damages for Bad Faith

33.     JNH Holding re-alleges and incorporates each allegation contained in Paragraphs 1-32 of this Petition as if fully set for herein.

34.     Defendant acted fraudulently and with malice (as that term is legally defined) in denying and delaying JNH Holding's claim for benefits. Further, Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of JNH Holding.

### SEVENTH CAUSE OF ACTION---Violations Of Texas DTPA

35.     JNH Holding re-alleges and incorporates each allegation contained in

Paragraphs 1-34 of this Complaint as if fully set forth herein.

36. The Deceptive Trade Practices-Consumer Protection Act (DTPA) provides additional protections to consumers who are victims of deceptive, improper, or illegal practices. Defendant's violations of the Texas Insurance Code create a cause of action under the DTPA. Defendant's violations of the Texas Insurance Code, as set forth herein, specifically violate the DTPA as well.

## KNOWLEDGE

37. Each of the actions described herein were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of JNH Holding's damages.

## RESULTING LEGAL DAMAGES

38. JNH Holding is entitled to the actual damages resulting from the Defendant's violations of the law. These damages include the consequential damages to its economic welfare from the wrongful denial and delay of benefits; the mental anguish and physical suffering resulting from this wrongful denial of benefits, and continued impact on JNH Holding; lost credit reputation; and the other actual damages permitted by law. In addition, JNH Holding is entitled to exemplary damages.

39. As a result of Defendant's acts and/or omissions, JNH Holding has sustained damages in excess of the minimum jurisdictional limits of this Court.

40. JNH Holding is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

41. Defendant's knowing violations of the Texas Insurance Code and DTPA entitle JNH Holding to the attorneys' fees, treble damages, and other penalties provided by law.

42. JNH Holding is entitled to statutory interest on the amount of his claim at the rate of 18% per year as damages under the Texas Insurance Code 542.060(a).

43. As a result of Defendant's acts and/or omissions, JNH Holding has sustained damages in excess of the jurisdictional limits of this Court.

44. JNH Holding is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

45. JNH Holding is entitled to the recovery of attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §38.001, the Texas Insurance Code 542.060(a)-(b), the Tex. Bus & Commerce Code §17.50 and Tex. Civ. Prac. & Rem. Code §37.009.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully request that Plaintiff have judgment against Defendant for actual damages in excess of the minimum jurisdictional limits of this Court, pre- and post-judgment interest as allowed by law, costs of suit, and all other relief, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

**RAIZNER SLANIA, LLP**

_____
JEFFREY L. RAIZNER
State Bar No. 00784806
ANDREW P. SLANIA
State Bar No. 24056338
AMY B. HARGIS
State Bar No. 24078630
efile@raiznerlaw.com
2402 Dunlavy Street
Houston, Texas 77006

9

          Phone: 713.554.9099
          Fax:   713.554-9098
          **ATTORNEYS FOR PLAINTIFF**

## JURY DEMAND

*JNH Holding hereby demands a trial by jury, a right enshrined in the Constitution of the United States of America and the State of Texas and preserved by the sacrifices of many. The necessary jury fee has been paid.*

_____
**JEFFREY L. RAIZNER**