# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| JNH HOLDING, INC | § |
| | § |
| v. | § Civil Action No. 4:16-CV-00866 |
| | § Judge Mazzant |
| NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY | § |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Nationwide Property & Casualty Insurance Company's Motion for Partial Judgment on the Pleadings and Motion for Partial Summary Judgment (Dkt. #18). The Court will address Defendant's Motion for Partial Summary Judgment to resolve the issues raised.[1] After reviewing the relevant pleadings, the Court finds that Defendant's Motion for Partial Summary Judgment should be granted.

## BACKGROUND

The above-referenced case arises out of a dispute between a policyholder and its insurer regarding the extent of damages and amount of loss suffered to Plaintiff's property located at 4695 State Highway 121, Lewisville, Texas 75056 (the "Property") (Dkt. #1 at p. 2). Defendant Nationwide Property & Casualty Insurance Company issued a commercial property insurance policy to Plaintiff JNH Holding, Inc., effective March 12, 2016, through March 12, 2017 (the "Policy") (Dkt. #18 at p. 4). On or about March 23, 2016, the Property suffered damage due to

---

[1] Pursuant to Local Rule CV-7(a), each motion must be filed as a separate document, except for motions for alternative relief. Additionally, the Amended Scheduling Order (Dkt. #13) sets forth a June 29, 2017 dispositive motion deadline, which is the same day this motion was filed. Therefore, the Court will only address Defendant's Motion for Partial Summary Judgment.

1

storm-related conditions (Dkt. #1 at p. 2–3).  On September 13, 2016, Plaintiff made a claim to Defendant for damage resulting from the storm (Dkt. #18 at p. 4).

Defendant assigned the claim to its adjuster Melvin Spiller ("Spiller"), who inspected the Property on September 15, 2016 (Dkt. #1 at p. 3).  Spiller determined that Plaintiff's roof had been damaged but needed to retain third-party experts as part of his investigation (Dkt. #18 at p. 4). Spiller sent Plaintiff a letter advising that more time was needed to investigate the loss (Dkt. #18 at p. 4).

Spiller retained HVACi to inspect Plaintiff's rooftop air conditioning units, and Haag Engineering ("Haag") to evaluate whether wind or hail damage was present on the roof and to investigate the cause and origin of interior leaks (Dkt. #18 at p. 4).  HVACi returned its report to Spiller on September 23, 2016, stating that two of the Plaintiff's seven rooftop units could be repaired and that the other five would need new condenser coils (Dk. #18 at p. 4).  According to HVACi, one of the units was out of service (Dkt. #18 at p. 4).  Based on HVACi's report, Spiller prepared an estimate for damages totaling $10,517.15, which included repairs to six of the seven rooftop air conditioning units. Defendant issued payment according to the estimate the same day.

Haag engineer Tim Marshall ("Marshall") submitted his report to Spiller on September 27, 2016, five days after HVACi's report (Dkt. #18 at p. 5).  Marshall concluded that there was no wind or hail damage to the roof of the building and that the interior leaks were not related to wind- or hail-created openings (Dkt. #18 at p. 5).  On September 30, 2016, Spiller sent Plaintiff a letter partially denying Plaintiff's claim, explaining the policy excluded cosmetic loss and did not name wear and tear and improper installation as perils on the policy (Dkt. #18 at p. 5).

On November 11, 2016, Plaintiff brought suit contending that Defendant failed to adequately compensate it for damages to the Property, and seeking to recover damages based on

the following claims: (1) breach of contract, (2) violations of the Texas Deceptive Trade Practices Act ("DTPA") and Tie-In Statutes, (3) violations of the Texas Insurance Code, (4) breach of the common law duty of good faith and fair dealing, and (5) unfair insurance practices (*see* Dkt. #1).

On June 29, 2017, Defendant filed its motion for partial summary judgment (Dkt. #18). On July 20, 2017, Plaintiff filed its response (Dkt. #31). On July 27, 2017, Defendant filed its reply (Dkt. #34).

**LEGAL STANDARD**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery, and disclosure materials on file, and any affidavits "[show] that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson*, 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge its burden by showing

that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor . . . unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Comput. Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004). Rather, the Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment appropriately supported by the movant. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all of the evidence, but must refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

**ANALYSIS**

Defendant moves for partial summary judgment on Plaintiff's extra-contractual claims, including Plaintiff's claims for violations of the Texas Insurance Code, Plaintiff's claims for violations of the Deceptive Trade Practices Act (the "DTPA"), and Plaintiff's claim for breach of the common law duty of good faith and fair dealing (*See* Dkt. #18).

**A. Breach of the Duty of Good Faith and Fair Dealing**

Plaintiff alleges that Defendant breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiff's claim. Texas law imposes on an insurer "a common law duty to deal fairly and in good faith with its insured in the processing and payment of claims." *Aleman v. Zenith Ins. Co.,* 343 S.W.3d 817, 822 (Tex. App.—El Paso 2011,

4

no pet.) (citing *Republic Ins. Co. v. Stoker,* 903 S.W.2d 338, 340 (Tex. 1995)). If an insurer knew or should have known that it was reasonably clear that a claim was covered, it will be liable if it denies that claim. *Id.* Failure to reasonably investigate a claim can also constitute a breach of the duty of good faith and fair dealing. *Id.* Whether "a reasonable insurer under similar circumstances would have delayed or denied payment of the claim" is determined by an objective standard. *Id.*

For Plaintiff to prevail on its bad faith claim, there must be a genuine issue of material fact that Defendant "commit[ted] some act, so extreme, that would cause injury independent of the policy claim" or failed "to timely investigate [Plaintiff's claim.]" *Stoker,* 903 S.W.2d at 341; *Aranda v. Ins. Co. of N. Am.,* 748 S.W.2d 210, 214 (Tex. 1988); *see also United Servs. Auto. Ass'n v. Gordon,* 103 S.W.3d 436, 442 (Tex. App.—San Antonio 2002, no pet.). Evidence that "merely shows a bona fide dispute about the insurer's liability on the contract does not rise to the level of bad faith." *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 (Tex. 1994).

There is no evidence of an act by Defendant that is so extreme that it caused injury to Plaintiff independent of the Plaintiff's claims under the policy (Dkt. #1 at ¶¶ 31–34; Dkt. #31 at ¶¶ 24–27).[2] To the contrary, the evidence shows that Defendant paid Plaintiff under the policy, and that any further disagreement between the parties is a bona fide dispute as to the proper amount of payment for damage suffered by Plaintiff (Dkt. #18 at ¶¶ 34–37). *See Mag-Dolphus, Inc. v. Ohio Cas. Ins. Co.*, 906 F. Supp. 2d 642, 649 (S.D. Tex. 2012) (finding no extreme act where defendant had promptly paid plaintiffs even though plaintiffs alleged that defendant had

---

[2] The only evidence in support of Plaintiff's contention that Nationwide failed to consider or investigate certain facts is the expert report of Stephen Strzelec ("Strzelec") (Dkt. #31, Exhibit 1). Strzelec states in his report that Nationwide, including Spiller, "did not objectively review the Haag report in conjuncture with all the other information available" prior to denying the claim. *Id*. at 8. Strzelec provides a bullet list of items Nationwide needed to consider, but provides no evidence or basis that they were not considered. *Id*. Additionally, Strzelec's report does not have an alternative causation theory, but only states that Nationwide's investigators failed to follow certain standards. Strzelec's own unsubstantiated opinion about what adjusters should do when conducting a property inspection and reviewing reports is not proper summary judgment evidence.

5

undervalued their loss); *see also State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998). Nor does the evidence support a claim that Defendant failed to timely investigate Plaintiff's claim. Defendant began its investigation two days after Plaintiff notified Defendant of its claim (Dkt. #18). Plaintiff fails to offer sufficient summary judgment evidence to raise a material fact issue and the Court, therefore, grants Defendant's summary judgment on Plaintiff's claim for bad faith.

**B. Statutory Claims under the Texas Insurance Code and DTPA**

In Texas, an individual who has been damaged by "unfair method[s] of competition or unfair or deceptive act[s] or practice[s] in the business of insurance" may bring a cause of action under the Texas Insurance Code against the person or persons engaging in such acts or practices. Tex. Ins. Code § 541.151 (formerly codified as Tex. Ins. Code, art. 21.21); *see Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997); *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 382-83 (Tex. 2000). "The prohibited conduct includes 'failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear.'" *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 860-61 (5th Cir. 2003) (quoting Tex. Ins. Code § 541.151). A violation of Chapter 541 of the Texas Insurance Code is also a violation of the DTPA. Tex. Bus. & Comm. Code § 17.50(a); *Kondos v. Allstate Tex. Lloyds*, No. 1:03-CV-1440, 2005 WL 1004720, at 12 (E.D. Tex. Apr. 25, 2005); *see Thrash v. State Farm Fire & Cas. Co.*, 992 F.2d 1354, 1357-58 & n. 19 (5th Cir. 1993); *Vail v. Texas Farm Bureau Mut. Ins. Co.*, 754 S.W.2d 129, 135 (Tex. 1988).

Texas law holds that extra-contractual tort claims pursuant to the Texas Insurance Code and the DTPA require the same predicate for recovery as a bad faith claim under a good faith and fair dealing violation. *O'Quinn v. Gen. Star Indem. Co.*, No. 1:13-CV-471,

2014 WL 3974315, at *8 (E.D. Tex. Aug. 5, 2014); *Douglas v. State Farm Lloyds*, 37 F. Supp. 2d 532, 544 (S.D. Tex. 1999); *Lawson v. Potomac Ins. Co. of Ill.*, No. 398-CV-0692H, 1998 WL 641809, at *4 (N.D. Tex. Sept. 14, 1998). "When an insured joins claims under the Texas Insurance Code and the DTPA with a bad faith claim, all asserting wrongful denial of policy benefits, if there is no merit to the bad faith claim, there can be no liability on either statutory claim." *O'Quinn*, 2014 WL 3974315, at *8; *Higginbotham*, 103 F.3d at 460; *see Beaumont Rice Mill, Inc. v. Mid-American Indem. Ins. Co.*, 948 F.2d 950, 952 (5th Cir. 1991); *State Farm Fire & Cas. Co. v. Woods*, 925 F. Supp. 1174, 1180 (E.D. Tex. 1996).

In the present case, Plaintiff's bases for asserting that Defendant violated Chapter 541 of the Texas Insurance Code and the DTPA arise out of the same factual allegations, and are essentially identical to Plaintiff's bases for arguing that Defendant violated its common law duty of good faith and fair dealing. In fact, Plaintiff's response does little to distinguish any of its extra-contractual claims (*See* Dkt. #31). Because the Texas Insurance Code and DTPA claims arise out of the same factual allegations as the bad faith claims, the Court finds that these statutory claims must also be dismissed. *See O'Quinn*, 2014 WL 3974315, at *8; *Higginbotham*, 103 F.3d at 460; *Kondos*, 2005 WL 1004720, at *13.

In addition, Plaintiff fails to cite to any sufficient evidence that would create a genuine issue of fact as to whether Defendant acted unreasonably in its handling of the claims. Specifically, Plaintiff fails to cite any summary judgment evidence that would show that Defendant represented that the Policy conferred or involved rights or obligations that it lacked, or that Defendant failed to disclose information concerning any goods or service in support of her DTPA claims (*See* Dkt. #1 at ¶¶ 35–36). Plaintiff further fails to offer any competent summary judgment evidence in support of its DTPA claims that Defendant unreasonably delayed the investigation,

7

adjustment, and resolution of its claim, that Defendant failed to properly investigate Plaintiff's claim, or that Defendant hired and relied upon a biased adjuster to obtain a favorable report (*See* Dkt. #1 at ¶¶ 35–36).

As to Plaintiff's claims under Chapter 541 of the Texas Insurance Code, Plaintiff offers no summary judgment evidence that would demonstrate a genuine issue of material fact as to its allegations that Defendant engaged in false, misleading, or deceptive acts, that Defendant engaged in unfair claims settlement practices, or that Defendant misrepresented to it pertinent facts or provisions relating to the coverage at issue (*See* Dkt. #1 at ¶¶ 13–21). Nor does Plaintiff's response cite to any summary judgment evidence that would support its allegations that Defendant failed to act in good faith in effectuating a prompt and fair settlement within a reasonable time, that Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time, that Defendant refused to pay Plaintiff's claims without conducting a reasonable investigation, or that Defendant failed to provide Plaintiff with an explanation regarding any denial of the claim or offer a compromise settlement (*See* Dkt. #1 at ¶¶ 22–28). Therefore, the Court finds that summary judgment should be granted as to Plaintiff's claims of violations of the Texas DTPA and tie-in statutes, violations of Chapter 541 of the Texas Insurance Code, and unfair insurance practices.

### C. Plaintiff's Rule 56(d) Request

Plaintiff did not properly move for an extension of time to file a response to Defendant's Motion for Partial Summary Judgment under Rule 56(d); however, out of an abundance of caution, the Court will consider it as an additional ground for relief. Plaintiff requests that the Court extend the deadline for its response to Defendant's summary judgment motion "until Plaintiff has had an opportunity to complete discovery as set forth in the Court's Scheduling Order" (Dkt. #31 at ¶ 17), including taking the depositions of two individuals and a corporate representative

(Dkt. #31 at ¶¶ 13–17). "[Rule 56(d)] is an essential ingredient of the federal summary judgment scheme and provides a mechanism for dealing with the problem of premature summary judgment motions." *Parakkavetty v. Indus. Int'l, Inc.*, No. 3:02-CV-1461-D, 2004 WL 354317, at *1 (N.D. Tex. Feb. 12, 2004) (citation omitted). "Rule 56(d) functions as a safe harbor that has been built into the rules so that summary judgment is not granted prematurely." *State Farm Fire and Cas., Co. v. Whirlpool Corp.*, No. 3:10-CV-1922-D, 2011 WL 3567466, at *2 (N.D. Tex. Aug. 15, 2011) (citing *Union City Barge Line v. Union Carbide Corp.,* 823 F.2d 129, 136 (5th Cir. 1987)). "It is usually invoked when a party claims that it has had insufficient time for discovery or that the relevant facts are in the exclusive control of the opposing party." *Id.* "Rule 56(d) offers relief where the nonmovant has not had a full opportunity to conduct—not to complete—discovery. The two concepts are distinct." *Id.* (citing *McCarty v. United States*, 929 F.2d 1085, 1088 (5th Cir. 1991)).

It is not sufficient for a summary judgment nonmovant to allege that discovery is incomplete or that discovery will produce needed but unspecified facts. *See Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284-85 (5th Cir. 1981). The party must demonstrate "how the additional time will enable [it] to rebut the movant's allegations of no genuine issue of fact." *Id.* at 1286 (internal quotation marks omitted) (quoting *Weir v. Anaconda Co.*, 773 F.2d 1073, 1083 (10th Cir. 1985)). A nonmovant is not entitled to a continuance if it "fail[s] to explain what discovery [it] did have, why it was inadequate, and what [it] expected to learn from further discovery" and gives only "vague assertions of the need for additional discovery." *Bauer v. Albemarle Corp.*, 169 F.3d 962, 968 (5th Cir. 1999) (internal quotations and citations omitted). Rule 56 does not require that any discovery take place before summary judgment can be granted. *Washington*, 901 F.2d at 1285.

Pursuant to the Court's Amended Scheduling Order, the deadline for all dispositive motions was June 29, 2017, and the deadline for all discovery was September 7, 2017 (Dkt. #13 at p. 2). Defendant filed its motion for partial summary judgment on June 29, 2017 (Dkt. #18), and Plaintiff filed its response on July 20, 2017 (Dkt. #31). To date, Plaintiff has not requested leave from the Court to supplement its response with additional evidence derived from new discovery.

Furthermore, Plaintiff fails to explain what it expects to learn from further discovery. Plaintiff gives only vague assertions of the need for additional discovery, and does not demonstrate that it diligently pursued discovery. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 28 F.3d 1388, 1396 (5th Cir. 1994). Under Rule 56(d), the Court "need not aid non-movants who have occasioned their own predicament through sloth." *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992). Therefore, the Court finds that Plaintiff has not satisfied its burden to show it is entitled to a continuance under Rule 56(d).

## CONCLUSION

It is therefore **ORDERED** that Defendant Nationwide Property & Casualty Insurance Company's Motion for Partial Summary Judgment (Dkt. #18) is hereby **GRANTED**.

It is further **ORDERED** that Plaintiff take nothing by its extra-contractual claims of breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act and tie-in statutes, and unfair insurance practices, and that those claims should be **DISMISSED** with prejudice.

Only Plaintiff's breach of contract and prompt payment claims, alleging that Defendant failed to pay Plaintiff the benefits under the Policy to properly repair the Property, should proceed to trial.

**SIGNED this 29th day of September, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE